IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DWAYNE SEBASTION SMITH JR.,   §
              Petitioner,   §
                         §
v.                       §   Civil Action No. 4:21-CV-381-Y
                         §
BILL WAYBOURN, Sheriff,      §
Tarrant County, Texas,       §
              Respondent.  §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Dwayne Sebastion Smith Jr., a pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. Factual and Procedural History**

Documentary evidence and a Tarrant County inmate search indicates that Petitioner is confined and awaiting trial in Tarrant County, Texas, on criminal charges for murder (Case No. 1528028D), aggravated kidnapping (Case No. 1527826D), aggravated assault with a deadly weapon, and assault bodily injury of a family member. (Resp't's Resp. Exs. 2 & 3, doc. 7.) See TARRANT COUNTY INMATE SEARCH, https://inmatesearch.tarrantcounty.com (last visited June 4, 2021). On June 13, 2011, in Case No. 4:11-CR-007-Y, Petitioner was

convicted in this Court for possession of a firearm by a convicted

felon and sentenced to 71 months' imprisonment. (Id. Ex. 1.)

Petitioner was subsequently released to supervised release from his

federal sentence. However, on January 11, 2018, while confined in

the Tarrant County jail on state charges, a federal detainer was

lodged against him, alleging a violation of his supervised release.

(Id. Ex. 4.)

In this federal petition, Petitioner claims that

(1)  the federal detainer prevents him from obtaining
     pretrial release on bail in violation of his right
     to due process;

(2)  his 3-year detention imposed as a result of the
     federal detainer "has amounted to infliction of
     cruel and unusual punishment"; and

(3)  the government did not provide a hearing prior to
     issuing the detainer, which "operates as an
     indefinite detention order in the pretrial context"
     in violation of his right to procedural due
     process.

(Pet. 5-6,[1] doc. 1.) Petitioner seeks withdrawal of the federal

detainer. (Id. at 12.)

## II.  Discussion

Under his first ground, Petitioner claims that because of the

federal detainer, he is unable to obtain pretrial release on bail

on his pending state charges even though bail has been set, in

violation of his right to due process. (Pet. 5, doc. 1.) However,

---

[1]Because Petitioner's memorandum in support is incorporated into his form
petition, the pagination in the ECF header is used.

the Court has confirmed via email communication with the Tarrant County District Clerk's Office that bail has not yet been set in his pending murder case (Case No. 1528028D). Therefore, contrary to Petitioner's assertion, his nonbailable murder case, not the existence of the federal detainer, accounts, at least in part, for his continued pretrial custody. *See Culotta v. Pickett,* 506 F.2d 1061, 1064 (7th Cir. 1974). Additionally, to the extent Petitioner asserts that the Due Process Clause forbids pretrial detention that is punitive under *United States v. Stanford,* 394 Fed. App'x 72 (5th Cir. Aug. 21, 2010), his claim is frivolous. An accused is not to be punished prior to conviction and is assured an unhampered opportunity to assist in the preparation of his defense. *Stack v. Boyle,* 342 U.S. 1, 4 (1951). These interests, however, are no longer relevant in the post-conviction context. For purposes of the federal detainer, Petitioner is a convicted supervised releasee, not a pretrial detainee.

Under his second ground, Petitioner claims that his 3-year pretrial detention imposed as a result of the federal detainer "has amounted to infliction of cruel and unusual punishment." (Pet. 5, doc. 1.) However, even accepting Petitioner's contention that he was denied the opportunity to meet bail because of the placement of the detainer, the Eighth Amendment does not create an absolute constitutional right to release on bail. *See Faheem-EL v. Klincar,* 841 F.2d 712, 719 (7th Cir. 1988). Furthermore, in the analogous

context of probation or parole, a probationer or parolee has no constitutional right to release on bail before a revocation hearing. *See United States v. Sanchez,* 225 F.3d 172, 175 (2d Cir. 2000); *Faheem-El v. Klincar,* 841 F.2d 712, 719 (7th Cir. 1988); *Luther v. Molina,* 627 F.2d 71, 76 n.10 (7th Cir. 1980); *In re Whitney,* 421 F.2d 337 (1st Cir. 1970); *Moss v. Pennsylvania,* 838 F. App'x 702, 707 (3d Cir. Dec. 9, 2020). Likewise, as a supervised releasee, having been convicted of a federal crime, Petitioner has no constitutional right to bail pending revocation of his supervised release. *See Galante v. Warden, Metro. Corr. Ctr.,* 573 F.2d 707, 708 (2d Cir. 1977).

Under his third ground, Petitioner claims that, in violation of his right to procedural due process, the government did not conduct a hearing prior to issuing the federal detainer, "which operates as an indefinite detention order in the pretrial context." (Pet. 6, doc. 1.) Petitioner, however, was not entitled to a preliminary hearing prior to issuance of the detainer; thus, he suffered no deprivation of due process. *See Heath v. U.S. Parole Com'n,* 788 F.2d 85, 91 (5th Cir. 1986).

## III. Conclusion

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is

4

issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of his constitutional claims. Therefore, a certificate of appealability should not issue.

SIGNED June 8, 2021.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE